IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DERRICK T. PALMER, )<br>)<br>Defendant. | CASE NO. 5:19 CR 143<br><br>JUDGE BOYKO |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant Derrick T. Palmer, through counsel, respectfully submits the following Sentencing Memorandum.

I.   Introduction

On March 6, 2019, Derrick Palmer was charged by indictment with receipt or possession of an unregistered firearm in violation of Title 26 U.S.C. §5861(d) (Count 1) and transportation of an unregistered firearm in violation of Title 26 U.S.C. §5861(j) (Count 2). Mr. Palmer was arrested on March 13, 2019, and has remained in custody since that time except for his release from April 5-6, 2019 to attend his uncle's funeral.

On May 13, 2019, Mr. Palmer entered a plea of guilty to both counts of the indictment without a written plea agreement.

II. <u>Sentencing Factors</u>

Title 18 U.S.C. §3553 (a) provides in part that district courts "shall impose a sentence *sufficient, but not greater than necessary,* to comply with the purposes set forth in paragraph (2) of this subsection." (emphasis added). Those purposes are the need for the sentence imposed to: A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; B) afford adequate deterrence to criminal conduct; C) protect the public from further crimes of the defendant; and D) provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner. Title 18 U.S.C. §3553(a)(2).

In determining the particular sentence to be imposed, Section 3553(a), instructs the Court to consider the following factors: 1) the nature and circumstances of the offense conduct and the history and characteristics of the defendant; 2) the need for the sentence imposed in light of the above purposes of federal sentencing; 3) the kinds of sentences available; 4) the advisory sentencing guidelines and applicable sentencing range; 5) the advisory sentencing guideline policy statements; 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and 7) the need to provide restitution to any victims of the offense. In summary, the Court is to exercise its sound discretion to impose a reasonable sentence considering the multiple factors in Section 3553(a).

III.    Application of the Sentencing Factors

    A.    The History and Characteristics of the Defendant

Derrick is 30 years old. He is the middle of three children and was raised by both of his parents until they separated when he was 11 years old. He was then raised primarily by his mother but maintained a good relationship with his father. He had a good upbringing and was financially supported. Derrick struggled academically, played football in high school and completed the 11th grade. He is close to his mother and he dropped out of school when his mother became ill and lost her kidneys. He has tested to obtain his GED on six occasions but has not passed.

Derrick began using marijuana at age 17 and used every day until age 24. His use continued but decreased to twice per week. Derrick attended substance abuse treatment through Oriana House in Akron. He also attended outpatient treatment sessions in 2010-2011. He feels that he would benefit from further treatment to assist his reentry to the community and compliance with the conditions of supervision.

As an adult, Derrick has been employed for significant periods. He has worked as a cleaner for One Plus Cleaning in Akron, Ohio, as a machine operator for Rubber Associates in Akron, Ohio, and with Aspire Temporary Agency in Akron. He would like to earn his GED and either attend barber college or obtain a commercial driver's license.

Derrick has four children, ages 11, 9 and twins age 4 whom he loves deeply. He shares a good relationship with each of them and contributes to their financial support

when possible. He regrets that his conduct in this case will prevent him from supporting and providing for them while he is in custody.

Derrick has a history of criminal convictions, largely misdemeanors, from the time he was 18 to 23 years old. The misdemeanors include Criminal Trespass at age 18; Possession of Marijuana at age 18; Obstructing Official Business at age 19; Improperly Handling Firearm in Motor Vehicle at age 19 (F5)(misdemeanor under federal felony definition); Possession of Cocaine at age 21; Disorderly Conduct at age 21; and Misrepresenting Identity at Age 23, He has a single felony conviction in 2010 for Tampering With Evidence (F3) when he was 21 years old. As a result of multiple violations of his community control sentence for this offense, he was sentenced in 2014 to a term of 4 years imprisonment. He does not have a conviction for a crime of violence, and his last prior offense occurred at age 23.

Derrick's family is aware of the instant case and remains supportive of him which will help him adjust to supervision upon his release.

B.   The Nature and Circumstances of the Offense

In early 2018, Derrick was unemployed, looking for work, and was having financial problems. He learned that someone had a short barrel shotgun for sale. He had no prior experience with this type of firearm. He bought the gun for $25 believing he could sell it for over $100. He never fired the weapon, and when his uncle told him that it was dangerous and what it could do, he wanted to get rid of it right away and sold it a confidential informant. He regrets his judgment in trying to make some quick money, and is thankful that the weapon did not end up in the wrong hands and that no one was hurt. He

has clearly accepted responsibility for his conduct and has learned a serious lesson. He has no desire to be involved with firearms in the future. He also regrets the heartache that he has caused his family. He is distraught to know that his conduct prevents him from being an active father, role model, and provider to his children.

    C.    <u>The Advisory Sentencing Guidelines and Statutory Penalties</u>

The defense agrees with the advisory sentencing guideline calculations contained in the Presentence Investigation Report. At total offense level 15 and Criminal History Category III, the advisory sentencing guideline range is 24 to 30 months imprisonment.

    D.    <u>The Purposes of Federal Sentencing</u>

The Court is tasked with imposing a sentence sufficient *but not greater than necessary* to serve the purposes of federal sentencing. Those purposes are to reflect the seriousness of the offense, to promote respect for the law, to impose just punishment, to afford adequate deterrence, both general and specific, and to provide the defendant with necessary training, care or treatment in the most effective manner. In determining the sentence, the Court is to also consider the need to avoid unwarranted sentencing disparities.

In this case, the purposes of federal sentencing would be well served by a sentence below the advisory guideline range. Here, the offense conduct was short-lived and when Derrick realized the dangerousness of the weapon, he sought to get rid of it right away, albeit in an unlawful manner. He had not engaged in any other criminal activity since age 23, and had been working or attempting to obtain employment to support his children. He recognizes and regrets his bad judgment in both procuring and selling the firearm and

does not want to be involved with or even see another firearm ever again. He has been in custody for five (5) months and wants to better his work opportunities by getting his GED and attending barber college or obtaining a commercial driver's license. He matured significantly during his prior incarceration and even more so during his pretrial detention in this case. He is committed to complying with the Court's conditions of supervised release and living a law abiding, productive life.

In this case, no further imprisonment is necessary to effectuate the purposes of federal sentencing. Under the circumstances in this case, the time served to date, five (5) months, is sufficient to reflect the seriousness of the offense, to promote respect for the law, to impose just punishment, and to provide adequate deterrence, both general and specific. Should the Court find that a sentence of further imprisonment time is necessary, Mr. Palmer respectfully requests that the Court impose no more than a period of 12 months and 1 day, with credit for time served.

IV. CONCLUSION

For the reasons set forth above, Derrick Palmer respectfully requests that the Court impose a sentence of time served with a one year period of supervised release to follow.

        Respectfully submitted,

        s/ Joan E. Pettinelli
        Joan E. Pettinellli (0047171)
        Pettinelli Law LLC
        PO Box 33909
        North Royalton, Ohio 44133
        (216) 410-8512
        joanepettinelli@wfblaw.com

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on August 13, 2019. Notice of this filing will be sent to all counsel indicated on the electronic receipt by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        s/ Joan E. Pettinelli
        Joan E. Pettinelli, Esq. (0047171)